United States District Court
Southern District of Texas
**ENTERED**
January 17, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JENNIFER GREMILLION, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:17-cv-225 |
| | § | |
| AEP TEXAS CENTRAL | § | |
| COMPANY, et al., | § | |
| Defendants. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Plaintiffs' "Motion to Remand" (hereinafter, Plaintiffs' "Motion"). Dkt. No. 10. The Court is also in receipt of Plaintiffs' "Opposed Motion for Leave to File First Amended Complaint." Dkt. No. 12. For the reasons stated below, it is recommended that both of Plaintiffs' motions be **DENIED.**

## I.   Background and Procedural History

Plaintiffs filed suit against Defendants in the 357th Judicial District Court of Cameron County, Texas, on September 25, 2017. Dkt. No. 1-3 at 1. Plaintiffs' original petition alleges "acts of negligence and gross negligence" which led to the wrongful death of Plaintiffs' son, Lachlan Brain. *Id.* at 1–5. Defendant AEP Texas Central Company ("AEP") removed this action to federal court on October 26, 2017, invoking diversity subject matter jurisdiction under 28 U.S.C. § 1332. Dkt. No. 1. AEP asserts that complete diversity is present because Plaintiff Jennifer Gremillion resides in Florida, Plaintiff William Brain resides in Tennessee, and AEP "is a

Delaware Corporation with its principal place of business in Ohio."[1] *Id.* at 3. Further, AEP asserts that the citizenship of Defendants T&D Solutions, Inc. ("T&D") and Power Team Services, LLC ("Power Team") "should be disregarded for purposes of diversity jurisdiction because they have been improperly joined." *Id.* The Court ordered Plaintiffs to submit supplemental briefing in response to AEP's notice of removal, specifically regarding whether T&D and Power Team are properly joined parties to this action. Dkt. No. 5. Plaintiffs filed the instant Motion to Remand on November 22, 2017, and submitted briefing in compliance with the Court's order on December 11, 2017, along with a motion for leave to amend their complaint. Dkt. Nos. 10, 12, 13. Defendants responded to the Motion to Remand on December 12, 2017. Dkt. Nos. 15, 16. Defendant AEP responded to Plaintiffs' request for leave to amend on December 28, 2017, and Defendants T&D and Power Team responded on December 29, 2017. Dkt. Nos. 22, 23.

## II. Legal Standard

The party removing an action bears the burden of establishing, by a preponderance of the evidence, that federal jurisdiction is present. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Elizondo v. Keppel Amfels, L.L.C.*, No. 1:14–CV–220, 2015 WL 1976434, a *5 (S.D. Tex. May 1, 2015). All doubts concerning whether removal jurisdiction is proper must be resolved in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th

---

[1] AEP also maintains that it was misnamed in Plaintiffs' lawsuit, providing: "As a result of a merger between AEP Texas Central Company and AEP Texas, Inc., which took place in December 2016, AEP Texas Inc. is the proper party to this lawsuit." Dkt. No. 1 at 1.

Cir. 2000). "The jurisdictional facts that support removal must be judged at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Under 28 U.S.C. § 1332, a federal court will not have subject matter jurisdiction unless (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and (2) complete diversity of citizenship is present between the parties. 28 U.S.C. § 1332 ("Diversity of citizenship; amount in controversy; costs").

### III. Discussion

Plaintiffs' Motion argues that removal of this case to federal court was improper. Dkt. No. 10. First, Plaintiffs challenge AEP's assertion that it is a foreign corporation, claiming that AEP "is an in-state defendant and there is no diversity of citizenship." *Id.* at 3. Second, Plaintiffs contend that T&D and Power Team were not fraudulently joined parties, thus, their citizenship should not be disregarded for purposes of determining § 1332 diversity. *Id.* at 5; Dkt. No. 13.

a. **Citizenship of AEP**

"Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 85 (2005). "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The "principal place of

business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities," commonly referred to as the "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). "[A] corporation can have only one principal place of business, which is where top officers direct the corporation's activities and not necessarily where a corporation's general business activities take place or where its plants, sales locations, or employees are located." *Elizondo*, 2015 WL 1976434, at *4. Where, as here, a factual dispute arises regarding diversity of a defendant corporation, the defendant corporation has the burden of proving, by a preponderance of the evidence, that its principal place of business is outside the forum state. *Id.* at *5.

AEP states that it is a foreign corporation eligible to remove this case to federal court and invoke diversity jurisdiction, because it is incorporated in Delaware and has its principal place of business in Ohio. Dkt. No. 1 at 3. According to AEP, it "maintains a principal office for the state of Texas in Corpus Christi, Texas, [but] AEP's highest level officers and directors control, direct and coordinate the activities of the corporation from the Columbus, Ohio headquarters." Dkt. No. 15 at 8. In support of its assertions, AEP submits affidavit testimony from Thomas G. Berkemeyer, Assistant Secretary for AEP. Dkt. No. 15-1.

Berkemeyer's affidavit provides that "[a]lthough AEP Texas Inc. maintains its principal office in the state of Texas in Corpus Christi, Texas, the company's principal place of business and corporate headquarters is located at One Riverside Plaza, Columbus, Ohio, 43215." Dkt. No. 15-1. The affidavit lists an array of facts

regarding AEP's Ohio office, including that: (1) "[a]ll eight directors for AEP Texas Inc. are located in Columbus, Ohio," (2) 20 of AEP's 24 corporate officers are located in Ohio, "including the chief executive officer, chief financial officer, chief accounting officer, secretary, and treasurer," (3) AEP's "major business decisions," including mergers, material acquisitions and dispositions, are made from Ohio, (4) AEP's budget and capital improvements are approved by directors in Ohio, (5) decisions regarding whether AEP will incur debt are made in Ohio, (6) decisions regarding the issuance of additional company stock, and resulting dividends, are made in Ohio, (7) AEP's regulatory compliance filings are made from Ohio, (8) AEP's corporate books and accounting records are kept in Ohio, (9) AEP's bank accounts are managed from Ohio, (10) all taxes owed on AEP's facilities are calculated in and paid from Ohio, (11) significant purchasing contracts are negotiated and executed from Ohio, (12) payroll for all AEP employees is calculated and disbursed from Ohio, (13) "[s]ignificant human resource policies and codes of conduct" are set in Ohio, and (14) AEP employees, "including those in the Corpus Christi office," ultimately report to executives in Ohio. *Id.* at 1–2.

Plaintiffs dismiss AEP's assertions as "a casual reference to its principal place of business being in Ohio," supported by "a self-serving affidavit that actually destroys diversity jurisdiction for AEP Texas." Dkt. No. 10 at 1–2. According to Plaintiffs, the relevant standard for diversity "is not where the 'highest' level officers are located, or where 'major' business decisions are made, but where the 'direction, control and coordination' for the company occurs." *Id.* at 5. Further,

Plaintiffs argue that AEP "admits its headquarters is in Corpus Christi, Texas," and "talks out of both sides of its mouth" by submitting Berkemeyer's affidavit stating the principal place of business is in Ohio while also maintaining information about its Corpus Christi headquarters on its website. *Id.* at 2. Plaintiffs allege that AEP's website "makes clear that its corporate headquarters are in Corpus Christi," that AEP's president and chief operations officer is based in Corpus Christi, where she directs "more than 2,000 Texas based employees from this Texas headquarters," that AEP provides customer service support from its Texas headquarters, and that AEP "maintains its regulatory and external affairs offices in Austin, Texas." Dkt. No. 10 at 2. As evidence, Plaintiffs attach portions of AEP's website in which AEP states that it is "headquartered in Corpus Christi," provides the Corpus Christi office contact address for AEP Texas's president and chief operations officer, and notes that it maintains regulatory and external affairs offices in Austin. Dkt. Nos. 10-3; 10-4; 10-5. Plaintiffs also submit AEP's 2016 Form 10-K report stating that in 2016, "AEP Texas had 1,500 employees." Dkt. No. 10-6.

The *Hertz* Court held that the nerve center test "points courts in a single direction, towards the center of *overall* direction, control, and coordination." *Hertz Corp.*, 559 U.S. at 96 (emphasis added). The nerve center "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination[.]" *Id.* at 78. "For example, if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river

in New York, the 'principal place of business' is New York." *Id.* at 96.

Therefore, remand is inappropriate where the evidence shows that "the majority of the high-level officers make big-picture decisions regarding the Corporation" from outside Texas, and where "those who lead from Texas are ultimately controlled by officers" from outside Texas. *Elizondo*, 2015 WL 1976434, at *7–8; *see also M&L Rose Enter., Inc. v. Milwaukee Cas. Ins. Co.*, No. 3:14-CV-1739-P, 2015 WL 12731720, at *3 (N.D. Tex. Mar. 17, 2015) ("New York is where the large majority of Defendant's officers and directors are located; only one of the six officers/directors for Defendant has a Dallas address[.]"). "A corporation's description of a location as its headquarters should not, without more, settle the issue." *Balachander v. AET Inc., Ltd.*, No. H–10–4805, 2011 WL 4500048, at *5 (S.D. Tex. Sept. 27, 2011). Relatedly, the fact that a company's website lists a Texas address as its "headquarters" does not defeat jurisdiction. *Avalos v. Cont'l Airlines, Inc.*, No. H–11–711, 2011 WL 2357374, at *2 (S.D. Tex. June 10, 2011). In one case considering remand, where a plaintiff asserted that a defendant was a local defendant "on the basis that it has a San Antonio address," the court looked to affidavit testimony indicating that the corporation's financial compliance, preparation of financial statements, and issuance of claim payments were all handled in its Iowa office, finding, "[t]his description is sufficient to evidence Union's claim that its principal place of business is in Iowa, not Texas." *Lewis Mech. Sales, Inc. v. Union Standard Ins. Group, LLC*, No. 2:16-CV-496, 2017 WL 1313795, at *4 (S.D. Tex. Apr. 7, 2017).

Similarly here, AEP's evidence sufficiently establishes that its principal place of business is in Columbus, Ohio, rather than in Corpus Christi, Texas. AEP has shown, by a preponderance of the evidence, that Ohio is the "overall center of direction, control and coordination" through affidavit testimony evincing the numerous directional activities carried out by its officers in Ohio. Plaintiffs' reliance on the Corpus Christi office's status as a "headquarters" for AEP in Texas does not overcome AEP's evidence, which demonstrates that the Corpus Christi office is "ultimately controlled by officers" from Ohio. *Elizondo*, 2015 WL 1976434, at *8. Based on the above, the Court finds by a preponderance of the evidence that AEP's principal place of business is in Ohio, and its presence in this case does not destroy diversity.

### b. Joinder of T&D and Power Team

"To establish improper joinder, the party seeking a federal forum must demonstrate that there is either 'actual fraud in the pleading of jurisdictional facts,' or 'no reasonable basis for the district court to predict that the plaintiff might be able to recover' against the nondiverse defendant." *Toney v. State Farm Lloyds*, 661 Fed. Appx. 287, 290 (5th Cir. 2016) (citations omitted). Under the second method, "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallvood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

Courts "do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997). The defendant, therefore, has a "heavy burden" in raising its improper joinder challenge. *Valdez v. Alliance Liftboats, LLC*, No. 2:14–CV–444, 2015 WL 1168284, at *2 (S.D. Tex. Mar. 13, 2015).

To resolve a question of improper joinder, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.

> First the court should look at the pleadings to determine whether the allegations state a claim under state law, but under federal pleading standards of Rules of Civil Procedure 8 and 9, against the in-state defendant. If the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the court may look beyond the pleadings and consider summary judgment-type evidence.

*Waste Mgmt, Inc. v. AIG Specialty Ins. Co.*, No. H-16-3676, 2017 WL 3431816, at *4 (S.D. Tex. Aug. 9, 2017) (citations omitted). "The Fifth Circuit has recently held that the sufficiency of a plaintiff's state-court petition for purposes of a removal and improper joinder analysis should be measured under federal court pleading standards." *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 949 (S.D. Tex. 2016) (citing *Int'l Energy Ventures Mgmt, L.L.C. v. United Energy Group Ltd.*, 818 F.3d 193, 207–08 (5th Cir. 2016)). Accordingly, the plaintiff must have pleaded "enough facts to state a claim of relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.[2]

Plaintiff's Motion contends that remand is proper because T&D and Power Team were not fraudulently joined parties, and their citizenship should not be disregarded for purposes of determining diversity. Dkt. No. 10 at 5. Defendants disagree. Dkt. No. 15 at 3. First, Defendants maintain that Plaintiffs have no possibility of recovery against T&D, because T&D was a subscriber to a workers' compensation program that covered Plaintiffs' son, and the relevant Texas statute bars Plaintiffs from recovering in this case. *Id.* at 4. Second, Defendants argue that Plaintiffs have no possibility of recovery against Power Team, because Plaintiffs failed to allege any facts or causes of action in their original petition which could state a claim against Power Team. Dkt. No. 16 at 2. The Court will consider the joinder of each party in turn, applying the Rule 12(b)(6) standard to Plaintiffs' claims to determine whether Defendants have sufficiently demonstrated that there is "no possibility of recovery" against either party. *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 206–08.

---

[2] Plaintiffs argue that Defendants must show "by clear and convincing evidence that there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendant in state court." Dkt. No. 10 at 3. At least one court in the Southern District of Texas has expressed that while "[t]here is some early authority that a defendant must prove its assertion of fraudulent joinder by clear and convincing evidence . . . . This standard has not been widely adopted and the Court does not rely on it here." *Richard v. Geovera Specialty Ins. Co.*, No. 4:16–CV–2496, 2016 WL 6525438, at *2 n.12 (S.D. Tex. Nov. 3, 2016). At any rate, the Fifth Circuit has recently held that "Rule 8 and—in specific circumstances—Rule 9 provide the statutory component of the federal pleading standard," and "Rule 12(b)(6) provides the one and only method for testing whether that standard has been met." *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 204. Applying the standard to improper joinder, the Fifth Circuit asked "whether [plaintiff] pleaded 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 208. The Court applies the same standard here.

### *1. Defendant T&D*

Under the Texas Workers' Compensation Act, as codified in § 408.001 of the Texas Labor Code, "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee." Tex. Labor Code § 408.001(a). The statute continues with a "savings clause," stating, "This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence." Tex. Labor Code § 408.001(b). Thus, any recovery beyond workers' compensation benefits is limited to the decedent's surviving spouse or "heirs of the body."

An heir of the body is "[a] lineal *descendant* of the decedent, excluding a surviving spouse, adopted children, and collateral relations." *Heir of the body*, BLACK'S LAW DICTIONARY (10th ed. 2014) (emphasis added). This is distinguishable from an "heir of the blood," which is "an heir who succeeds to an estate because of consanguinity with the decedent, in either the ascending or descending line." *Heir of the blood*, BLACK'S LAW DICTIONARY (10th ed. 2014). These definitions in mind, "Texas law is well settled that parents are not heirs of the body." *Bridges v. Phillips Petroleum Co.*, 733 F.2d 1153, 1156 (5th Cir. 1984); *see also Cooper Indus. LLC v. Am. Int'l Specialty Lines Ins. Co.*, 350 Fed. Appx. 876, 877 (5th Cir. 2009) ("Under Texas law, 'heirs of the body' do not include parents."); *Gooch v. Packing Corp. of*

*Am.*, No. H-17-1673, 2017 WL 3495295, at *4 (S.D. Tex. Aug. 14, 2017) ("Under well settled Texas law the phrase 'heirs of the body' as used in § 408.001(b) does not include parents, and a parent's claims for exemplary damages and gross negligence cannot be saved by § 408.001(b).")

Nevertheless, Plaintiffs represent that, as parents of the decedent alleging gross negligence by Defendants, they can recover against T&D because they are lawfully entitled to exemplary damages under the Texas Labor Code. Dkt. No. 10 at 5. Plaintiffs argue that the decedent was "single and childless," and thus, "the only surviving heirs of the body are his parents—the Plaintiffs in this case." Dkt. No. 13 at 3. This is a misstatement of well-settled law. As discussed above, parents are not eligible to raise a gross negligence claim for exemplary damages under § 408.001, because the Fifth Circuit has repeatedly determined that parents are not "heirs of the body." Texas courts have also long held as such. *Galvan v. Pub. Util. Bd.*, 778 S.W.2d 580, 584 (Tex. App.—Corpus Christi 1989, no writ) (citing *Winnt v. Int'l & G.N. Ry. Co.*, 11 S.W. 907, 907–08 (Tex. 1889).

Plaintiffs rely on a number of cases applying § 408.001, primarily *Wyble v. E.I. DuPont de Nemours & Co.*, 17 F. Supp. 2d 641, 644 (E.D. Tex. July 11, 1998). Plaintiffs describe the facts of their case as "similar to *Wyble*" three times, yet sidestep a critical factual distinction—the listed plaintiff in *Wyble* was the "surviving widow" of the decedent, and nowhere in *Wyble* does the court state that the remaining plaintiffs were the decedent's parents. *Id.* at 641. Nor could they have been, as the savings clause at issue in both *Wyble* and this case expressly

limits recovery for gross negligence to the decedent's surviving spouse and "heirs of the body." *Id.* at 645. In fact, the court was careful to note that the Workers' Compensation Act "allows a *qualified* family member of a decedent to recover damages for wrongful death, in the event that the death was caused by gross negligence." *Id.* at 644 (emphasis added). None of the other cases invoked by Plaintiffs extend the savings clause to a decedent's parents. *Callis v. Union Carbide Chem & Plastics Corp.*, 932 F. Supp. 168, 169 (naming the plaintiffs as the decedent's "surviving wife and children") (S.D. Tex. Mar. 26, 1996); *Cowen v. Mobil Oil Corp.*, 901 F. Supp. 1204, 1205 (E.D. Tex. Aug. 8, 1995) (same); *Smith v. Atlantic Richfield Co.*, 927 S.W.2d 85, 86 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (referring to the plaintiffs only as "the family" but citing the statute's limitation of recovery to a "surviving spouse or heirs of the body").

Under Texas law, workers' compensation benefits are the exclusive remedy for a beneficiary to recover for the death of a covered employee, unless the decedent's surviving spouse or "heirs of the body" seek exemplary damages for gross negligence or intentional torts. But a decedent's parents are not "heirs of the body" eligible to invoke the exception to the rule. Because Plaintiffs are the decedent's parents, seeking exemplary damages from T&D for alleged gross negligence under the workers' compensation statute, Plaintiffs have no possibility of recovery against T&D. *See Gooch*, 2017 WL 3495295, at *5 (reaching the same conclusion). Plaintiffs' original petition does not state a claim against T&D sufficient to survive a Rule 12(b)(6) motion, and the citizenship of T&D should be disregarded for

purposes of determining diversity.

### 2. Defendant Power Team

Failure to allege "any facts which could reasonably demonstrate that [plaintiffs] have an independent or derivative cause of action" against a party can lead to a finding of improper joinder of that party. *Johnson v. Heublein, Inc.*, 227 F.3d 236, 240 (5th Cir. 2000). While the focus of the inquiry is on the party's joinder, rather than the merits of the plaintiff's case, the "complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d 193, 200 (citations omitted). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood v. Illinois Cent. R.R Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

In its notice of removal, AEP contends that Power Team is an improperly joined party because Plaintiffs "alleged no facts" involving Power Team, "did not plead any duty owed to them or the decedent" by Power Team, "did not plead any acts or omissions attributable to [Power Team], nor did they allege the elements of any cause of action against it." Dkt. No. 1 at 5. Defendants' position is that Plaintiffs have failed to state any claim against Power Team upon which relief could be granted. Dkt. No. 16 at 2. According to Power Team, it "was not the decedent's employer and had no involvement with or control over the project or work made the basis of this suit." Dkt. No. 2; Dkt. No. 16-1.

Plaintiffs' Motion does not directly address this argument. In their response to the Court's order for briefing on improper joinder, Plaintiffs instead emphasize

that Power Team is the "parent company of their son's employer," and argue that "the parent corporation of an employer is not entitled to assert immunity under the Texas Workmans' Compensation Act." Dkt. No. 13 at 3–4. Plaintiffs cite to *Sims v. Western Waste Industries*, in which a plaintiff brought suit against "the parent corporation of his employer, alleging that they were involved in the design, manufacture, and marketing of the truck," and the state court of appeals found that the defendant was not immune from suit under the workers' compensation statute by virtue of being the employer's parent corporation. *Id.* at 4; *Sims v. W. Waste Indus.*, 918 S.W.2d 682, 686 (Tex. App.—Beaumont 1996, writ denied). As Plaintiffs themselves note, however, the *Sims* plaintiff made allegations about the parent company's involvement in his harm, rather than only including the parent company as a defendant in his original petition. *Id.* at 683. By contrast, Plaintiffs' original petition fails to include specific factual allegations or causes of action tailored to state a claim against Power Team.

Plaintiffs' original petition fails to state a claim against Power Team sufficient to survive a Rule 12(b)(6) motion. Because diversity jurisdiction is determined based on the plaintiff's pleading at the time of removal, Plaintiffs have no possibility of recovery against Power Team, and Power Team's citizenship should be disregarded for purposes of diversity. AEP is the remaining defendant to this action, and as discussed above, the Court has found by a preponderance of the evidence that AEP is a citizen of Ohio. Diversity jurisdiction, therefore, is satisfied, and Plaintiffs' Motion should be denied.

### c. Motion for Leave to Amend

In conjunction with their briefing on improper joinder, Plaintiffs have filed a motion for leave to amend their complaint to "clear up each Defendants' involvement for the Court[.]" Dkt. No. 12 at 2. The proposed amendment contains new "intentional torts" Plaintiffs now allege were committed by Defendants Power Team and T&D in connection with their son's death. Dkt. No. 12-1 at 5. Plaintiffs' proposed amendment claims that Power Team, "the parent organization of T&D, designed, implemented, and designated the safety equipment, safety plan, and work schedules for T&D," that T&D and Power Team "instituted work days that were unsafe, did not provide enough protective equipment, did not provide work trucks that were sufficiently equipped or safe, failed to provide enough training, and failed to tailor Mr. Brain's work to his training." *Id.* at 1–2. Lastly, Plaintiffs' proposed amendment alleges that Power Team "designed, created, and negotiated the contract under which T&D was working and dictated multiple vital aspects of the job." *Id.* at 2. Defendants contend that the motion for leave to amend should be denied because "its sole purpose is to defeat this Court's jurisdiction." Dkt. No. 22.

Once the period to amend a pleading as a matter of course has elapsed, leave to amend a complaint should be freely granted when justice so requires. FED. R. CIV. P. 15. But a motion for leave to amend may be denied when the proposed amendment would be futile. *Harrison v. Darnas, Inc.*, No. 4:17–CV–00931, 2017 WL 3480471, at *3 (Aug. 14, 2017) (citing *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998)). "[L]eave to amend is by no means automatic, and the

decision to grant or deny leave to amend" is entrusted to the discretion of the Court. *Bonilla v. America's Servicing Co.*, No. H–11–1974, 2011 WL 3882280 (S.D. Tex. Sept. 2, 2011).

"The removal jurisdiction of the court is determined by examining the record as it stands *at the time the notice of removal is filed* without consideration of subsequent pleadings." *Maitra v. Mitsubishi Heavy Indus., Ltd.*, No. CIV-A-SA01CA0209FBNN, 2002 WL 1491855, at *1 (W.D. Tex. Mar. 29, 2002) (emphasis in original). Stated differently, "[t]he right to remove depends upon the plaintiff's pleading at the time of the petition for removal." *Ricardo v. Bank of New York Mellon*, No. H-16-3238, 2017 WL 3424975, at *5 (S.D. Tex. Aug. 9, 2017). "[A] complaint amended post-removal cannot divest a federal court of jurisdiction." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

The Fifth Circuit has, therefore, upheld a decision to deny a motion for leave to amend where "it would have been futile to grant the motion, because a complaint amended post-removal cannot divest a federal court of jurisdiction." *Cavallini*, 44 F.3d at 264. "Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved." *Id.* A plaintiff may not attempt to "amend away the basis for federal jurisdiction." *Id.* at 266; *see also ADA Carmona Elizondo v. Great Lakes Ins. SE*, No. 7:17–CV–36, 2017 WL 1318454, at *1–3 (S.D. Tex. Apr. 10, 2017) (denying a

motion for leave to amend where "it appears to the Court that Plaintiff seeks amendment to defeat diversity"); *DTND Sierra Inv., LLC v. Bank of New York Mellon Trust Co.*, N.A., No. SA–12–CV–1014–XR, 2013 WL 432923, at *5 (W.D. Tex. Feb. 4, 2013) (rejecting consideration of a "post-removal filing of an amended complaint to state a claim against a pre-existing, non-diverse, improperly joined defendant"); *Martinez v. Cooper Tire & Rubber Co.*, No. M–11–171, 2012 WL 12894742, at *2 (S.D. Tex. Sept. 14, 2012) ("Unfortunately for Plaintiffs, they did not include these allegations in their underlying petition.").

Here, Plaintiffs submitted the motion for leave to amend in conjunction with their briefing on improper joinder of the parties. Dkt. Nos. 12, 13. Plaintiffs refer to the proposed amendment throughout their briefing on jurisdiction. Dkt. No. 13 at 2–3. Specifically, Plaintiffs argue that, regardless of the provisions of the Texas Workers' Compensation Act, the Texas Constitution guarantees that employers are not exempt from common law liability for intentional injuries, and Plaintiffs "brought claims for intentional torts." *Id.* Plaintiffs then cite to their proposed amended complaint. *Id.* at 3 n.3. But nowhere in their original petition did Plaintiffs include such claims for intentional torts, and "[p]ost-removal filings may not be considered . . . to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). Plaintiffs' "proposed amended complaint does not clarify the jurisdictional facts at the time of removal; it attempts instead to amend away the basis for federal jurisdiction." *Cavallini*, 44 F.3d at 265.

Under these circumstances, the Court finds that Plaintiffs' proposed amendment would be futile and should be denied.[3]  *Id.* at 264.

## IV.  Recommendation

For the reasons stated above, it is recommended that Plaintiffs' Motion to Remand (Dkt. No. 10) and Plaintiffs' Opposed Motion for Leave to Amend (Dkt. No. 12) be **DENIED**.

## V.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 17th day of January, 2018.

**Ignacio Torteya, III**
**United States Magistrate Judge**

---

[3] Plaintiffs' proposed amendment is also futile because it still fails to state a viable cause of action against Power Team.  As AEP urges in its opposition to the motion for leave, there is no cause of action for general "intentional torts" under Texas law, and Plaintiffs' proposed amendment does not identify a specific legal theory for which Power Team could be held liable, or explain which new facts correspond to which asserted cause of action.  Even if Plaintiffs' proposed amendment did state a viable cause of action, however, "an amended petition cannot operate to defeat jurisdiction of a case that was properly removed." *Cavallini*, 44 F.3d at 259-60 n.8 (citation omitted).